Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Roger Darrin

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Roger Darrin, | ) | ACTION NO.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| Standard Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JURISDICTION

1.     This action for declaratory, injunctive, and monetary relief is brought

pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28

U.S.C. § 2201.  This Court has subject matter jurisdiction over plaintiff's claims

pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United

States.

//

Complaint                                          1

## VENUE

2.     Venue lies in the Northern District of California because, pursuant to

ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), The Littler Mendelson, P.C., Health

Care Choice Plan (hereinafter the "PLAN") is administered in this District and the

wrongful conduct alleged herein took place in this District.  Venue is also proper

pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions

giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3.     This action should be assigned to the division in San Francisco pursuant

to Civil Local Rules 3-2(c) and (d) because it arose from actions that occurred in the

County of San Francisco, the location where a substantial portion of the long term

disability claim which is the subject of this lawsuit was administered.

## PARTIES

4.     At all relevant times, plaintiff ROGER DARRIN was, and is, a

PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5.     At all relevant times, The Littler Mendelson, P.C., Health Care Choice

Plan was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29

U.S.C. § 1002 (1)), sponsored by Littler Mendelson, P.C., and/or its predecessor or

successor(s) in interest, and administered, at least in part, in San Francisco, California.

At all relevant times, the PLAN offered long term disability benefits to the employees of

Littler Mendelson, P.C., including plaintiff, through, *inter alia*, insurance policies issued

by defendant STANDARD INSURANCE COMPANY (hereinafter "Standard").

Complaint                                        2

6.      At all relevant times, defendant Standard was a third party claims administrator and fiduciary of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21).  At all relevant times, Standard exercised control over the payment of disability benefits which are PLAN assets.

<u>FACTS COMMON TO ALL CLAIMS</u>

7.      Prior  to his disability, plaintiff worked full-time as a National Records/ Risk Management Administrator for Littler Mendelson, P.C.

8.      In or about March of 2011, plaintiff filed a claim for long term disability benefits with defendant Standard and the PLAN because he had been suffering from prolonged sickness as a result of his total disability.  As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician and the Social Security Administration.

9.      Defendant Standard initially approved plaintiff's claim for disability benefits, however, on or about July 31, 2013, it terminated his benefits on the basis that certain information in its possession indicated that plaintiff no longer meet the definition of disability under the terms of the policy and the PLAN.

10.      On or about November 22, 2013, plaintiff appealed Standard's termination of his long term disability benefits.  Among other things, plaintiff sent Standard additional documentation of his disability and asked that it reinstate his benefits.

11.      On or about November 12, 2014, Standard denied plaintiff's appeal on the basis that he did not meet the definition of disability.

Complaint                                                          3

12.    Plaintiff has exhausted his administrative remedies.

13.    At all relevant times herein, plaintiff has been totally disabled and entitled to benefits under the terms of the PLAN.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

14.    Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 13 of this complaint.

15.    ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or clarify his rights to future benefits under the terms of a plan.

16.    By, *inter alia*, failing to pay plaintiff long-term disability benefits despite his complying with the PLAN's requirement of submitting proof of his total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated its decision to deny benefits; violating the Department of Labor's Regulations concerning disability claims procedures (29 C.F.R. § 2560.503-1) and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, defendant has violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

Complaint                                          4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CLAIM FOR RELIEF**
(For Equitable Relief Under ERISA §502(a) (3))

17.    Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 16 of this complaint.

18.    ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of the plan or of ERISA.

19.    In its capacity as a claims fiduciary, defendant Standard owed plaintiff certain fiduciary duties, including that it discharge its duties:

a) for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the PLAN;

b) with the care, skill and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

c) in accordance with the documents and instruments governing the PLAN; and

d) without misleading plaintiff or misrepresenting information about the status of his claim.

20.    In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN, ERISA and Department of Labor Regulation 29 C.F.R. § 2560.503-1, by its acts, including, but not limited to: breaching its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents relating to his claim for benefits within the time period specified by the

Complaint                                              5

applicable Department of Labor Regulations; acting in bad faith by denying his claim in

reliance upon a standard not set forth in the PLAN; failing to provide specific reference

to pertinent PLAN provisions on which the denial was based;  failing to provide plaintiff

with a description of what was needed to perfect his claim; and ignoring medical

records and physicians' opinions which support plaintiff's claim.

21.    Defendant Standard's acts and omissions as alleged herein constitute a

breach of its fiduciary duties owed to plaintiff.

22.    As a direct and proximate result of defendant's breach of its fiduciary

duties as herein alleged, plaintiff has incurred consequential financial losses

and defendant Standard has realized gains, meriting the imposition of an equitable

surcharge against said defendant.

23.    As a direct and proximate result of the improper acts and/or

omissions herein alleged, plaintiff has been compelled to incur reasonable

attorney's fees and other costs associated with the investigation of this claim and

the prosecution of this action.

WHEREFORE, plaintiff prays that the Court enter judgment against defendant

Standard as follows:

## PRAYER FOR RELIEF

A.    Declare that defendant violated the terms of the PLAN and plaintiff's rights

thereunder by failing to pay plaintiff his disability benefits;

B.    Order defendant to pay plaintiff all disability benefits due him pursuant to

the terms of the PLAN, together with prejudgment interest on each and every such

Complaint                                                6

monthly payment through the date judgment is entered herein;

      C.    Declare plaintiff's right to receive future disability benefit payments under the terms of the PLAN;

      D.    Declare that Standard has breached its fiduciary duties to plaintiff and the PLAN and enjoin Standard from further breaches of its fiduciary duties;

      E.    Remove Standard as a fiduciary of the PLAN and replace Standard with an independent fiduciary;

      F.    Impose an equitable surcharge, payable to plaintiff, against defendant Standard, in an amount sufficient to fully compensate him for the consequences of its breach measured by financial loss to plaintiff and/or gain realized by defendant Standard;

      G.    Award plaintiff pre-judgment interest on all monies requested herein;

      H.    Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g)); and

      I.    Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: February 26, 2015        By:_____/s/_____
                               Scott Kalkin
                               Attorneys for plaintiff

Complaint                            7